UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MARIA VILLAR,                        :
                                     :
        Plaintiff,                   :
                                     :          09-cv-7400 (JSR)
        -v-                          :
                                     :              ORDER
CITY OF NEW YORK, et al.,            :
                                     :
        Defendants.                  :
                                     :
------------------------------------x
JED S. RAKOFF, U.S.D.J.

        This action was initiated on August 21, 2009.  Following many
years of discovery and motion practice, the parties filed a joint
final trial report on June 13, 2016, along with their proposed
voir dire questions, proposed jury instructions, and motions in
limine.   The late Judge Deborah Batts, to whom the case was
assigned before her untimely demise, issued an Opinion and Order
resolving the motions in limine on September 25, 2017.

        The case was reassigned to the undersigned judge on February
5, 2020.   The Court took immediate efforts to bring this case
promptly to trial, recognizing the case's age and the need to avoid
failing witness memories and the like.   (Indeed, the Court has
since been informed by the parties that one witness has died, which
may require a party to offer his deposition testimony into evidence
at trial.)  The Court scheduled a pretrial conference for February
13, 2020, at which time the Court scheduled the case for a jury
trial beginning August 3, 2020.

Because of the pandemic, however, the August trial had to be adjourned, but after trials resumed in the fall in carefully prepared courtrooms with appropriate COVID-19 protocols, the Court did all that it could to ensure that this case was given a priority trial date. The case was rescheduled for trial beginning October 13, 2020; it was listed as an "alternate" trial, because criminal trials were given priority access to the few courtrooms that could be safely used. Nevertheless, the Court would have been prepared to begin trial on October 13, 2021 because the criminal trial scheduled for that date was resolved. But one of the attorneys involved in the case developed COVID-19 symptoms, so the Court had to adjourn the trial once more.

Counsel then informed the Court that they were not mutually available for another trial date until April 2021. The Court again did all that it could to secure a prompt trial date amenable to all involved, and on March 17, the Court confirmed to the parties that trial would proceed on April 7.

Five days later, however, on March 22, 2021, counsel reported that the parties had reached a settlement agreement in principle. Therefore, on March 25, the Court cancelled the trial date and dismissed this case with prejudice, "but with leave for any party to move within 30 days from the date [t]hereof to reopen the case and proceed to trial if settlement [wa]s not fully effectuated." Order, ECF No. 85.

This week, the Court received a letter from plaintiff's counsel (to be docketed) and an _ex parte_ letter from plaintiff herself (to be docketed under seal). Both letters described irreconcilable differences between plaintiff and her attorney related to execution of the proposed settlement. Pursuant to the Court's Individual Rules, the Court convened a telephone conference this morning. Present were Linda Cronin, counsel for the plaintiff; Maria Villar, the plaintiff; and Jessica Giambrone, counsel for the defendants.

After hearing from all concerned, the Court concluded that the plaintiff had not knowingly waived her constitutional right to a trial by jury. Accordingly, the Court set the case for trial once more, on July 12, 2021.

The Court hopes that by July, civil trials may occur in ordinary courtrooms. If, however, trials must still be conducted in the small number of pandemic-proofed courtrooms, then the Court will endeavor to secure a July 12 trial date. If the Committee responsible for allocating courtroom space approves a different trial date, then, given the case's age and the number of previous adjournments, the Court will expect the parties to move forward on whatever date the Committee approves. The Court will grant no further extensions for any reason whatsoever.

As the Court explained during this morning's telephone call, if Ms. Villar, who is now proceeding pro se, becomes interested in

exploring a settlement, she may send a letter to the Court so stating, and the Court will refer the case to a magistrate judge to facilitate such discussions. This will not, however, affect the trial date; the Court will not grant an extension to permit further settlement negotiations. Also, given that counsel's prior representation of an agreement in principle proved overly optimistic, the Court will not cancel the trial based upon any new agreement in principle, but only a binding and executed settlement resulting in a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Finally, since the letters submitted by the plaintiff and her counsel clearly demonstrate irreconcilable differences between Ms. Villar and Ms. Cronin, the Court grants Ms. Cronin's request to be relieved as counsel. The Court will permit Ms. Cronin to submit a motion for attorney fees and will permit Ms. Villar to respond.

For the foregoing reasons, the Court orders:

1. The Order, ECF No. 85, dismissing this case with prejudice is vacated. The Clerk of Court is respectfully directed to reopen the case.

2. Ms. Cronin's request to be relieved as counsel is granted.

3. Ms. Villar, as she requested in today's conference, will now proceed <u>pro se</u>. By no later than April 13, 2021, Ms. Villar must file a document indicating how she would like to be served in this action. She must either file a Notice of Pro Se Appearance and identify a mailing address or email address at which the defendants may

serve her,[1] or file a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically.[2] Pursuant to S.D.N.Y. Electronic Case Filing Rule 1.1, Ms. Villar must file all documents in the traditional manner by mailing or delivering hard copies to the Pro Se Intake Unit at the courthouse, or by leaving them in the overnight deposit box.[3]   The Court further orders that, if Ms. Villar chooses to file a document by U.S. mail, then she must place the document in the mail with sufficient time to ensure that it is <u>received</u> by the Pro Se Intake Unit in advance of any deadline.  If Ms. Villar would like to file documents electronically, then she must file a Motion for Permission for Electronic Case Filing.[4]

4. By no later than April 16, 2021, Ms. Cronin may move to place an attorney fee lien on any damages or settlement secured by Ms. Villar in connection with this action. Ms. Cronin must include the legal authority for her motion, the precise amount of the requested lien, and records substantiating the requested amount.   If Ms. Villar would like to oppose Ms. Cronin's motion, then she must file an opposition by no later than April 30, 2021.

5. This case is set for trial beginning 9:00 am on July 12, 2021.

---

[1] The Court provides a fillable form version of this document at the following website:  https://www.nysd.uscourts.gov/sites/default/files/2018-06/Notice%20of%20Prose%20Appearance.pdf.

[2] The Court provides a fillable form version of this document at the following website: https://www.nysd.uscourts.gov/sites/default/files/pdf/proseconsentecfnotice-final.pdf.

[3] Due to the COVID-19 pandemic, the Pro Se Intake Unit is also temporarily accepting documents by e-mail, although this is subject to change.  <u>See</u> S.D.N.Y. Electronic Case Filing Rules and Instructions (Apr. 2020 Addendum).

[4] The Court provides a fillable form version of this document at the following website: https://www.nysd.uscourts.gov/sites/default/files/2019-04/2012-prosemotionecffiling-final.pdf.

SO ORDERED.

Dated:    New York, NY
            April 9, 2021

                                      JED S. RAKOFF, U.S.D.J.